IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHARLES E. CALHOUN, JR., | : |
| Plaintiff, | : |
| VS. | : Civil Action File No. |
| | : **7:08-CV-115 (HL)** |
| MARIA LAW, and | : |
| ARNITA STEWART, | : |
| Defendants. | : |

## **RECOMMENDATION**

Currently pending in this *pro se* prisoner 42 U.S.C. § 1983 action are defendants' motion for summary judgment (Doc. 21) and their motion to dismiss (Doc. 19) . The undersigned notified plaintiff of the filing of the motion for summary judgment and of the possible consequences of failing to file a response thereto. (Doc. 22). However, plaintiff has failed to file a response to the motion; further, mail sent to plaintiff at his last known address was returned as undeliverable (Doc. 25).

*Motion for Summary Judgment (Doc. 21)*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235 (11th Cir. 1992)(citing *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

In his original and amended complaints, plaintiff states that while he was incarcerated at the Colquitt County Jail, he received inadequate medical care, amounting to a violation of his Eighth Amendment rights. Defendants are two of the nurses employed at the jail responsible for providing medical care for the inmates there.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). However, "[m]ere incidents of negligence or malpractice do not rise

to the level of constitutional violations." It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25 (1993). Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference. *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting *Horn ex rel. Parks v. Madison Co. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." *McElligott v. Foley*, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

   A medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted). To demonstrate "significant" harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury. *Hill*, 40 F.3d at 1186; *Harris*, 21 F.3d at 393-94 (11th Cir.1994). The medical care provided to an inmate must be reasonable. *Patterson v. Riddle*, 407 F. Supp. 1035 (E.D. Va. 1976). However, "it is not required that the medical care

3

provided to the inmate be perfect, the best obtainable, or even very good." *Estelle*, 429

U.S. at 106. *See also Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991); *Brown v. Beck*, 481 F. Supp. 723, 726 (S.D. Ga. 1980); *Hawley v. Evans*, 716 F. Supp. 601, 603 (N.D. Ga.1989).

The Eleventh Circuit has noted that, "where a prisoner has received medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Murphy v. Turpin*, 159 Fed. Appx. 945 at fn. 4, (11th Cir. 2005), citing *Hamm*, 774 F.2d at 1575. "Thus, where an inmate receives medical care, but desires a different mode of treatment, the care provided does not amount to deliberate indifference." *Id.*

In *Estelle v. Gamble*, *supra*, the Supreme Court cautioned, however, that not every allegation of inadequate medical treatment states a constitutional violation. *Estelle* at 105. Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment. *Id.* at 106 (stating "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"). A Section 1983 claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." *Brinton v. Gaffney*, 554 F.Supp. 388, 389 (E.D.Pa.1983).

"The question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical

malpractice, and as such the proper forum is the state court." *Estelle, supra*, at 107.

The Plaintiff was incarcerated at the Colquitt County Jail beginning June 21, 2008. Prior to being incarcerated, he was in a fight in a watermelon field, where he allegedly injured his hand. However, he did not seek any medical attention for that injury he sustained prior to his incarceration. (Affidavit of STEWARD, ¶ 3; Affidavit of LAW, ¶ 7. Doc. 21)

Nurses at the Colquitt County Jail provide routine physical examinations of all new inmates within 24 hours of their incarceration. Nurse Steward examined the Plaintiff on June 22, 2008. He complained of pain to his right hand, and she noticed some swelling. He did not claim that his fingers were broken, and based on her examination of him, Nurse Steward did not believe that the Plaintiff's fingers were broken. She prescribed Naprosyn for five days for the Plaintiff for the pain and swelling. (Affidavit of STEWARD, ¶¶ 3-4. Doc. 21).

The Plaintiff did not seek any medical attention at the jail until he completed a Sick Call Slip on July 1, 2008. Nurse Law saw the Plaintiff on the same day. The Plaintiff's Sick Call Slip of July 1, 2008, indicates that he hurt his fingers again on June 27, 2008. The Plaintiff told Nurse Law that he hurt them when he got into a fight with another inmate. (Affidavit of LAW, ¶ 4. Doc. 21). When she examined the Plaintiff on July 1, 2008, Nurse Law did not believe his fingers were broken, and Plaintiff did not claim that his fingers were broken. The Plaintiff requested that he be given some more Naprosyn, and Nurse Law did give the Plaintiff more Naprosyn for another five days. (Affidavit of LAW, ¶ 4. Doc. 21).

The Plaintiff did not complete another Sick Call Slip until July 20, 2008. Nurse Law saw the

Plaintiff the very next day, and because he again complained of pain to his right hand, she ordered an X-ray which was accomplished the same day. (Affidavit of LAW, ¶ 5. Doc. 21). As the X-ray revealed fractures in the Plaintiff's fingers, an appointment was immediately made with a medical doctor for treatment. The Plaintiff saw Dr. D. Q. Harris on July 24, 2008, and Dr. Harris placed pins in the fractures on July 29, 2008. (Affidavit of LAW, ¶¶ 5-6. Doc. 21).

Plaintiff was given daily attention for his wounds and bandages upon his return from surgery. He had several follow up appointments with Dr. Harris, and the pins were subsequently taken out and his fingers healed. (Affidavit of LAW, ¶ 6.)

Plaintiff allegations amount to a claim that his broken fingers should have been diagnosed sooner than they were. However, that is a classic example of a tort sounding in medical malpractice, which does not amount to a violation of his constitutional rights.

Plaintiff has not responded to the properly supported motion for summary judgment. All he has made in his complaint are vague and conclusory allegations of inadequate medical care, which cannot overcome the evidence that has been submitted by defendants. Accordingly, defendants are entitled to summary judgment.

Defendants also assert that plaintiff failed to exhaust available administrative remedies prior to the filing of this lawsuit.

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

The Affidavit of Nurse Law recites a three step grievance procedure in effect at the Colquitt County Jail during Plaintiff's incarceration. (Affidavit of LAW, ¶ 8; Exh. A-3. Doc. 21). The Plaintiff submitted an informal grievance on August 21, 2008 in regard to the medical treatment he received for his right hand. Nurse Law responded to Plaintiff's informal grievance, and Plaintiff was provided with a copy of her response. (Affidavit of LAW, ¶ 9; Exh. A-4.) This was the first and only step of the grievance procedure at the Colquitt County Jail which the Plaintiff completed. (Affidavit of LAW, ¶ 10. Doc. 21).

The grievance procedure at the Colquitt County Jail provided that if an inmate was not satisfied, a formal grievance could be submitted within five days of the conclusion of the informal grievance. The third step of the grievance procedure was for the inmate to file an appeal. Neither of these additional two steps was taken by the Plaintiff, and thus, the Plaintiff did not exhaust the remedies available to him under the grievance procedure at the Colquitt County Jail. (Affidavit of LAW, ¶¶ 8, 10 Doc. 21).

The clear mandate of *Alexander v. Hawk* is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this. Given these circumstances, the undersigned believes that dismissal of these claims against defendants is mandated for failure to exhaust administrative remedies. The court must follow the dictates of circuit law.

This circuit, in interpreting the PLRA, has determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Therefore, it is the RECOMMENDATION of the undersigned that the motion for summary judgment filed on behalf of defendants be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

*Defendants' Motion to Dismiss (Doc. 19)*

Defendants request dismissal of this action for plaintiff's failure to completely answer interrogatories, despite an order requiring plaintiff to do so. In light of the recommendation above to grant their motion for summary judgment, this motion is now moot, and it is therefore the RECOMMENDATION of the undersigned that the motion be **DENIED** accordingly.

**SO RECOMMENDED**, this 28th day of January, 2010.

                                                **S/ G. MALLON FAIRCLOTH**
                                                **UNITED STATES MAGISTRATE JUDGE**

msd